**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION**

| | |
|---|---|
| MISTY RAYE EDMONDS,               ) | |
| )                                                                        | |
| Movant,             ) | |
| )                                                                        | |
| v.                                        ) | No. 1:12-CV-95 CAS |
| )                                                                        | |
| UNITED STATES OF AMERICA,   ) | |
| )                                                                        | |
| Respondent.        ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on movant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The Court will order movant to show cause as to why this action should not be dismissed as time-barred.

**Background**

On September 24, 2008, movant pled guilty to three counts of possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1). United States v. Edmonds, 1:08-CR-100-CAS (E.D. Mo). On November 17, 2008, movant was sentenced to a prison term of seventy-two months, with a four-year term of supervised release. Because movant did not appeal, the judgment became final ten calculated days later.

On October 17, 2011, movant filed a motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c) based on the retroactive change to U.S.S.G § 2D1.1. On November 8, 2011, the Court granted the motion and reduced movant's prison term to seventy months. Movant did not file a notice of appeal.

Movant has now filed a motion pursuant to § 2255 in which she seeks to attack her 2008 conviction and sentence. Movant asserts that she is entitled to habeas relief based upon the United

States Supreme Court's holding in <u>DePierre v. United States</u>, 131 S.Ct. 2225 (2011), and her ineffective assistance of counsel claims.  Specifically, movant contends that her conviction should be overturned, because "the Supreme Court has recently ruled that there is no 'settled meaning,' scientific or otherwise, of 'cocaine base' for us to apply to § 841(b)(1), [and therefore] the conviction and the sentence imposed [are] contrary to the laws of the United States and in violation of the Constitution."  In addition, movant claims that her trial counsel was ineffective in providing for her defense and in giving her incorrect advice regarding her plea agreement.

## Discussion

Rule 4(b) of the Rules Governing § 2255 Cases in the United States District Courts provides that a District Court may summarily dismiss a § 2255 motion if it plainly appears that the movant is not entitled to relief.

As amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2255 now provides:

> A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of--
>
> (1) the date on which the judgment of conviction  becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

A review of the instant motion indicates that it is time-barred under 28 U.S.C. § 2255(1) and is subject to summary dismissal. Movant's conviction became final in November 2008, but she did not file this § 2255 motion to vacate until June 7, 2012, the date on which movant signed the motion. See United States v. Townsend, 98 F.3d 510, 512-13 (9th Cir. 1996) (§ 3582 proceedings do not alter finality of underlying criminal judgment)(citing United States v. Whitebird, 55 F.3d 1007, 1011 (5th Cir. 1995)).

Although movant appears to be arguing that the instant action should be considered timely in light of the Supreme Court's June 9, 2011 holding in DePierre, her reliance upon this case is misplaced. In DePierre, the Supreme Court held "that the term 'cocaine base' as used in § 841(b)(1) means not just 'crack cocaine,' but cocaine in its chemically basic form." Id. at 2237. Movant's arguments to the contrary are patently frivolous.

Movant's remaining ineffective-assistance-of-counsel challenges appear to be barred by § 2255's one-year period of limitations. Because movant has not advanced an explanation that would warrant tolling of the one-year statute of limitations, the Court will order her to show cause within thirty days of the date of this Order as to why this action should not be dismissed as untimely. Movant is warned that if she does not timely file a show cause response, this action will be dismissed without further notice to her.

Respondent will not be ordered to respond to the motion to vacate at this time.

Accordingly,

**IT IS HEREBY ORDERED** that movant shall show cause in writing within thirty (30) days of the date of this Order as to why the instant motion to vacate should not be dismissed as time-barred.

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  26th  day of July, 2012.